538 A.2d 321

**HOWARD COUNTY, Maryland**

v.

**FRED W. ALLNUTT, INC.**

No. 927, Sept. Term, 1987.

Court of Special Appeals of Maryland.

March 4, 1988.

Thomas M. Meachum, Sr. Asst. County Sol. (Barbara M. Cook, County Sol. for Howard County, on brief), Ellicott City, for appellant.

Wallace E. Hutton, Sp. Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), Baltimore, for appellee, State.

Susan S. James, Ellicott City, for appellee, James L. Mayer.

Argued before GILBERT, C.J., and BISHOP and WENNER, JJ.

GILBERT, Chief Judge.

This appeal involves a controversy among three lien creditors claiming priority in the distribution of $109,000.00 deposited with the Circuit Court for Howard County by Titan Group, Inc., a debtor of Fred W. Allnutt, Inc. ("Allnutt"). The State of Maryland has a lien in the amount of $25,975.96 for retail sales taxes owed by Allnutt; Howard County holds a lien totaling $186,791.89 for personal taxes owed by Allnutt[1]; and James L. Meyer, Esq., entered a lien for $36,333.33 for unpaid legal services performed for Allnutt that actually produced the very funds now held in the coffers of the court.

At the conclusion of a hearing on "Motion[s] to Release Property from Levy," Md. Rule 2–643(e), the circuit court (Nissel, J.) decided that, pursuant to Md.Ann.Code art. 10, § 46, the State's tax lien had priority over the attorney's lien, which, in turn, had priority over the county's tax lien. Judge Nissel reasoned that the county's tax lien was subordinate to the attorney's lien because it did not fall within one of the exceptions enumerated in art. 10, § 46(c). The judge said that the county's lien was subordinate to the State's lien for the additional reason that, under art. 81, § 342 of the Annotated Code of Maryland, the State's lien was "filed" first. The hearing court concluded that, after payment was made to the State of Maryland and James L.

---

1. Amounts quoted are the sums due at the time of the circuit court's order that is the subject of this appeal. The original liens by the State and the county were in the amount of $22,000.00 and $128,398.97, respectively.

Meyer, Esq., Howard County would receive the $46,640.71 remaining.

Obviously dissatisfied with that ruling, the county, asserting priority over the State's tax lien, filed a Motion to Alter or Amend the Judgment. This appeal ensued when the motion was denied.

The only issue we are called upon to resolve is whether the circuit court was correct in holding that the tax lien of the State of Maryland had priority over the tax lien of the county, even though the county was first in time in filing a notice of tax lien and in serving the garnishee, Titan Group, Inc., with a writ of garnishment. Md. Rule 2–645.

■ We focus our discussion on § 342 of the Retail Sales Tax Act,[2] which states:

"(b) *Lien.*—The tax, and all increases, interests and penalties thereon shall be a lien upon all the property, real and/or personal, of any person liable to pay the same to the State from and after the time when notice has been given that such tax has become due and payable as provided herein. Notice of such lien shall be filed by the Comptroller with the clerk of the circuit court of the county in which said property is located. Each clerk of court shall accurately and promptly record and index all such notices of lien filed with him by the Comptroller and shall enter such lien in the judgment docket of the court, stating the name of the delinquent taxpayer, the amount of the lien and the date thereof. *The lien provided for in this section shall have the full force and effect of a lien of judgment.* Unless another date is specified by law, the lien arising at the date of nonpayment as in this section specified and provided for, shall continue with the same force and effect as a judgment lien. Any such lien on personal property shall not be effective as against an innocent purchaser for value unless the personal property has been levied upon by an officer of a court."

---

**2.** Md.Ann.Code art. 81, §§ 324–371 (Repl.Vol.1980, Cum.Supp.1987).

(Emphasis supplied).

That section was construed by the Court of Appeals in *Liquor Dealers Credit Control, Inc. v. Comptroller*, 241 Md. 656, 660, 217 A.2d 571 (1966), as conferring upon the State's sales tax lien the full force of a perfected lien. The Court said:

> "The statutory clause ... [italicized in the quote of § 342] giving the lien 'the full force and effect of a lien of judgment' had the effect, not of requiring the lien creditor [the State] to issue an execution in order to perfect its tax lien, but of giving the lien entered on the judgment docket the same force and effect as the lien of a judgment on which an execution had been issued."

In short, the filing of a sales tax lien by the State is the equivalent of any other creditor's filing a claim, reducing it to judgment and issuing execution or garnishment thereon. The tax lien is *ipso facto* a judgment and an execution on the judgment. Hence, it acquires priority over any executions or garnishments made by other creditors subsequent to the entry of the tax lien.

■ Generally, judgments do not attach to personal property until there has been an execution or garnishment. *FICO, Inc. v. Ghingher*, 287 Md. 150, 162, 411 A.2d 430 (1980); *Northwestern Nat'l Ins. Co. v. Wetherall*, 272 Md. 642, 653, 325 A.2d 869, 875 (1974). Furthermore, "[a]n attachment on judgment served on a garnishee creates an inchoate lien which is binding not only on all the judgment debtor's assets which the garnishee then has in his possession, but also on all those which come into his hands before judgment in the garnishment action." *FICO, supra*, 287 Md. at 161, 411 A.2d 430 (footnote omitted). The legislature, however, altered the general rule and has given the State priority in those situations where tax liens are concerned, except, of course, when innocent purchasers for value are involved.

The Congress of the United States, since the beginning of the nation, has utilized its authority to create preferences in favor of the federal government against other creditors of persons, firms, or corporations. There is, as Judge Horney pointed out in *Liquor Dealers v. Comptroller*, "no reason why the legislature . . . could not create a tax lien in favor of the State of Maryland. . . ." 241 Md. at 661, 217 A.2d 571.

■ The State, in the matter *sub judice*, filed its tax lien September 6, 1983. At that moment the lien became a judgment upon which a writ of execution or garnishment had been issued and served. Md.Ann.Code art. 81, § 342; *Liquor Dealers v. Comptroller, supra*. The county's garnishment was served on the garnishee on July 1, 1986. Obviously, the county's garnishment, under *Liquor Dealers v. Comptroller*, was almost three years later in point of time to that of the State. The fact that the State nine days later, out of an abundance of caution, caused a garnishment to be served does not matter one iota. The State's issuing of the garnishment was a totally and completely unnecessary act.

Judge Nissel correctly held that the State was entitled to satisfaction of its tax lien before other creditors received any of the monies due Allnutt from the garnishee.

We conclude by observing that the answer to this controversy was provided "in a nutshell" one hundred ninety-five years ago by James Wilson, one of this country's Founding Fathers, who, as a Justice of the Supreme Court, penned in *Chisholm v. Georgia*, 2 U.S. (2 Dall.) 419, 455, 1 L.Ed. 440 (1793),

> "Let a *State* be considered as subordinate to the PEOPLE: But let everything else be subordinate to the *State*."

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY HOWARD COUNTY.